# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **In re:** | Chapter 11 |
| **TK Holdings, Inc., *et al.*[1]** | |
| Debtors. | Case No. 17-11375 (BLS) |
| **Michael O'Boyle, Thomas Messner, Don Schiemann, Shan Cong, and Alby Berman,** | Adv. Case No. 18- |
| Plaintiffs, | |
| v. | |
| **TK Holdings Inc. and Joyson Safety Systems Acquisition LLC,** | |
| Defendants. | |

## COMPLAINT OF MICHAEL O'BOYLE, THOMAS MESSNER, DON SCHIEMANN, SHAN CONG, AND ALBY BERMAN FOR DECLARATORY RELIEF AND FOR <u>TURNOVER OF PROPERTY</u>

Michael O'Boyle, Thomas Messner, Don Schiemann, Shan Cong, and Alby Berman (collectively the "Plaintiffs") by and through their undersigned counsel, hereby asserts claims against the Debtors, TK Holdings Inc., and Joyson Safety Systems Acquisitions, LLC (the "Defendants") under the United States Bankruptcy Code 11 U.S.C. § 541, and in support thereof avers as follows:

---

[1] The debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise noted, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

## PARTIES

1. The Plaintiffs are all former employees of the Debtors who participated in in the NQ II Deferred Compensation Plan (the "Deferred Compensation Plan").

2. TK Holdings, Inc. and their affiliated Debtors (the "Debtors") maintained the Deferred Compensation Plan and on or about June 25, 2017 filed for relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

3. As of July 2018, the value of each respective Plaintiff's interest in the Deferred Compensation Plan was: Michael O'Boyle at $66,125.60, Thomas Messner at $114,382.81, Don Schiemann at $250,296.44, Shan Cong at $65,064.52, and Alby Berman at $278,809.26.

4. Joyson Safety Systems Acquisitions, LLC ("Joyson") is a Delaware limited liability company that purchased substantially all of the Debtors' assets. Notwithstanding the fact that Fidelity still maintains accounts in the name of Plaintiffs in the amounts set forth above, the Debtors have represented that they have transferred to Joyson all assets that had been held in the Deferred Compensation Plan.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 1334(b).

6. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

7. The statutory predicates for relief requested are 11 U.S.C. § 541.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

9. On June 25, 2017 (the "Petition Date"), the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

10. All of the Plaintiffs ceased working with the Debtors prior to the Petition Date.

11. None of the Plaintiffs were officers of the Debtors but all of the Plaintiffs did participate in the Deferred Compensation Plan.

12. In or about March 18, 2015, more than two years prior the Petition Date, Plaintiffs were informed that the Deferred Compensation Plan had beeb cancelled on March 5, 2015 due to lack of participation.  See copy of notice of termination of Deferred Compensation Plan (the "2015 Deferred Compensation Plan Notice") dated March 18, 2015 a copy of which is attached hereto as Exhibit A.

13. The 2015 Deferred Compensation Plan Notice further provided that distributions from the Deferred Compensation Plan would be made as soon as practical after March 5, 2016 and that there were sufficient assets in a rabbi trust with which to pay all benefits in full.

14. On or about March 3, 2016, Plaintiffs were reminded of the termination of the Deferred Compensation Plan.  Plaintiffs were further informed that under IRS rules distributions from the Deferred Compensation Plan would have to be made on or before March of 2017.  See copy of March 3, 2016 Deferred Compensation Plan termination notice a copy of which is attached hereto as Exhibit B.

15. The Deferred Compensation Plan was subject to Section 409a of the Internal Revenue Code ("IRC").

16. All of funds in each of the Plaintiffs' Deferred Compensation Plan accounts were employees' salary deferrals or from year-end bonuses.  None of the funds came from a source other than directly from employees such as Plaintiffs in the ordinary course of business.

17. While all of the funds in the accounts originated from the Plaintiffs' wages, in order to be able to defer taxes on the funds in the accounts, those funds were required to be subject to

the claims of the Debtors' general creditors in certain circumstances.

18. Because of the requirement that the funds in the Deferred Compensation Plan Accounts be subject to the claims of the Debtors' general creditors, the IRC barred liquidation of the Deferred Compensation Plan during the first year after termination. The IRC, however, also required that a once a Deferred Compensation Plan was terminated, the plan had to be fully liquidated between 13 and 24 months after cancelation.

19. Not only did the Debtors represent that the Deferred Compensation Plan was being terminated for reasons other than financial troubles but in 2015, 2016 and 2017, the Debtors gave merit raises and performance bonuses to its officers and highly compensated employees.

20. Accordingly, having terminated the Deferred Compensation Plan in March of 2015, the Debtors were required to fully liquidate the plan between April of 2016 and March of 2017. Indeed, the Debtors had informed the Plaintiffs that the Deferred Compensation Plan would be fully liquidated on or before March of 2017 and that there were sufficient funds set aside in a rabbi trust to pay all benefits from the Deferred Compensation Plan in full.

21. As evidenced by the fact that the Debtors gave raises and bonuses throughout 2015, 2016 and 2017 to its officers and highly compensated employees, the Debtors were solvent during this time period. The Debtors also provided annual salary increases to its employees who were not considered highly compensated employees during this time period.

22. Instead of liquidating the Deferred Compensation Plan in compliance with the IRC and distributing to Plaintiffs their deferred wages and bonuses, the Debtors sent an inaccurate and misleading communication to the Plaintiffs stating that they did not deem it prudent to liquidate the plan in March of 2017 due to possible adverse tax consequences. As of March 2017, however, the wages that the Plaintiffs had deferred and which were available to the claims of general

creditors through March of 2016, became the full property of the Plaintiffs and were no longer available to the claims of general creditors.

23. The property of the estate consists of "all legal and equitable interests of the Debtors in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

24. The property of the estate, however does not include property that the debtor holds "only legal title and not an equitable interest." 11 U.S.C. § 541(d).

25. Because the Deferred Compensation Plan had terminated in 2015 due to lack of participation and because the amounts in the Deferred Compensation Plan were required to be distributed to the plan participants such as Plaintiff no later than March of 2017, as of the Petition Date, the amounts in the Deferred Compensation Plan were property of the Plaintiffs and other plan participants and not property of the Debtor.

**COUNT I – REQUEST FOR TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. §542**

26. Plaintiffs incorporate by reference and restates the allegations in Paragraphs 1 through 25 as if more fully set forth herein.

27. To the extent that the funds from the Deferred Compensation Plan remain with the Debtors, Plaintiffs demand that the Debtors turn those funds over the Plaintiffs.

28. To the extent that the funds from the Deferred Compensation Plan have been transferred to Joyson , the Debtors did not have ownership of such funds as the Plaintiffs had, at a bare minimum, equitable title such that Plaintiffs demand that Joyson  turn those funds over to Plaintiffs.

**COUNT II – TO RECOVER BENEFITS DUE UNDER ERISA, ENFORCE AND/OR CLARIFY RIGHTS UNDER ERISA, AND THE TERMS OF ERISA**

29. Plaintiffs incorporate by reference and restates the allegations in Paragraphs 1 through 28 as if more fully set forth herein.

30. Plaintiffs bring this action to recover benefits due under ERISA, to enforce and clarify rights under ERISA and to enforce the terms of ERISA pursuant to 29 U.S.C. § 1132(a).

31. Due to the Defendants' conduct and error as alleged herein, benefits from the Deferred Compensation Plan have been wrongfully withheld by the Debtors from Plaintiffs for the benefit of Defendants.

32. Debtors have a duty of good faith and fair dealing.

33. Debtors have breached their duty of good faith and fair dealing.

34. Pursuant to 29 U.S.C. § 1132(a) Plaintiffs seek the following relief: All such equitable relief as is available; Disgorgement and restitution of such amounts that have been wrongfully withheld or appropriated; Declaratory relief to compel the Debtors to cease the wrongfully withholding and/or appropriating Plaintiffs' benefits to which they are entitled under the Deferred Compensation Plan; Attorneys' fees and costs pursuant to 29 U.S.C. § 1132(a); All other relief available pursuant to 29 U.S.C. § 1132(a).

## COUNT III – VIOLATION OF ERISA § 404 and § 406

35. Plaintiffs incorporate by reference and restates the allegations in Paragraphs 1 through 34 as if more fully set forth herein.

36. The Debtors breached their fiduciary duties to Plaintiffs by gross negligence and recklessness in failing to distribute to Plaintiffs their benefits under the Deferred Compensation following the termination of the Deferred Compensation Plan in accordance with the requirements of the plan and of the IRC.

37. The Debtors breached their fiduciary duties in administering the Deferred Compensation Plan in their own self-interest and contrary to the best interest of Plaintiffs as plan participants.

38. These breaches constituted breaches of the Debtors' duties under ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106.

39. As a direct and proximate case of the fiduciary breaches under ERISA violations, Plaintiffs are entitled to all such relief as is available under ERISA including: Disgorgement and restitution of such amounts that have been wrongfully withheld or appropriated; Declaratory relief to compel the Debtors to cease the wrongfully withholding and/or appropriating Plaintiffs' benefits to which they are entitled under the Deferred Compensation Plan; Attorneys' fees and costs pursuant to 29 U.S.C. § 1132(a); All other relief available pursuant to 29 U.S.C. § 1132(a).

### COUNT IV- DECLARATORY JUDGMENT

40. Plaintiffs incorporate by reference and restates the allegations in Paragraphs 1 through 39 as if more fully set forth herein.

41. The Debtors were obligated to return to Plaintiffs their interest in the Deferred Compensation Plan on or before March of 2017.

42. The Debtors claim that they had the right to continue to retain the funds in the Deferred Compensation Plan indefinitely and make such funds available to the creditors of the Debtors for an indefinite period of time.

43. There exists an actual controversy of a justiciable issue between Plaintiffs and the Debtors within the jurisdiction of this Court involving the rights and liabilities of the parties.

44. Antagonistic claims are present between the parties. These claims indicate imminent and inevitable litigation.

45. A declaratory judgment by this Court will terminate the controversy.

46. Plaintiffs are entitled to an Order from this Court declaring that the proceeds from the Deferred Compensation Plan that were held in a rabbi trust should have been distributed to

Plaintiffs.

## COUNT V – CONVERSION

47. Plaintiffs incorporate by reference and restates the allegations in Paragraphs 1 through 46 as if more fully set forth herein.

48. The Debtors were obligated to return to Plaintiffs their interests in the Deferred Compensation Plan on or before March of 2017.

49. The Debtors failure to return Plaintiffs' interest in the Deferred Compensation Plan before March of 2017 was intentional, without permission or justification and constituted a conversion of Plaintiffs' property.

## COUNT VI – BREACH OF CONTRACT

50. Plaintiffs incorporate by reference and restates the allegations in Paragraphs 1 through 49 as if more fully set forth herein.

51. The Deferred Compensation Plan that the Debtors offered to Plaintiffs was part of Plaintiffs' employment contract with the Debtors.

52. The terms of that employment contract included that the Deferred Compensation Plan would be administered in accordance with IRC § 409a.

53. IRC § 409a mandates that once a deferred compensation plan is terminated and the funds have been made available to the general creditors of the employer, the employer must distribute the funds to the plan participants 13 to 24 months after plan termination.

54. The Debtors promised Plaintiffs that they would distribute the funds in the Deferred Compensation Plan or about March 2017.

55. The Debtors failed to distribute the funds in the Deferred Compensation Plan as promised and in accordance with the terms of the plan and IRC § 409a.

56. The failure of the Debtors to distribute the funds in the Deferred Compensation Plan as promised and in accordance with the terms of the plan and IRC § 409a constitutes a breach of contract.

## COUNT VII – BREACH OF COMMON LAW FIDUCIARY DUTY

57. Plaintiffs incorporate by reference and restates the allegations in Paragraphs 1 through 56 as if more fully set forth herein.

58. The Debtors represented that the Deferred Compensation Plan had been terminated as of March 5, 2015 and that all benefits under the plan would be distributed to Plaintiffs as plan participants as soon as practical after March 5, 2016.

59. The IRC requires that all benefits under a terminated Deferred Compensation Plan be distributed in total within two years of the termination of the plan.

60. The Debtors had a fiduciary duty in its relationship with Plaintiffs.

61. The Debtors failure to comply with the terms of the Deferred Compensation Plan and with IRC § 409a constitutes a breach of fiduciary duty.

WHEREFORE, Plaintiffs demand that the funds in their accounts in the Deferred Compensation Plan be surrendered to them; that Plaintiffs be awarded attorney's fees and court costs and that Plaintiffs be awarded such other relief as is just and proper.

*(Signature page to follow)*

Dated: August 10, 2018

        WERB & SULLIVAN

        */s/ Duane D. Werb*
        Duane D. Werb (DE 1042)
        1225 N. King Street, Suite 600
        P.O. Box 25046
        Wilmington, DE  19899
        Ph:  302-652-1100 / Fax:  302-652-1111
        dwerb@werbsullivan.com

        and
        GELLERT SCALI BUSENKELL &
        BROWN, LLC

        /*s/ Charles J. Brown, III*
        Charles J. Brown, III (DE # 3368)
        1201 N. Orange Street, Suite 300
        Wilmington, DE  19801
        Phone: (302) 435-5813
        Email: cbrown@gsbblaw.com

        *Counsel to Plaintiffs*